# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs July 27, 2010

## STATE OF TENNESSEE v. DONNA HARVEY

### Appeal from the Circuit Court for Sevier County
### No. 13202-II     Richard R. Vance, Judge

### No. E2009-01945-CCA-R3-CD - Filed November 9, 2010

JAMES CURWOOD WITT, JR., J., dissenting.

The trial court should have rejected the guilty plea as being deficient pursuant to Tennessee Code Annotated section 40-35-304(g)(1). That subsection provides that when restitution is a component of alternative sentencing and there is "no sentencing hearing or presentence report because the defendant's sentence is agreed upon and the payment of restitution is a part of the sentence, the plea agreement shall include the amount of restitution and the other performance requirements set out in subsection (c)." Tenn. Code Ann. § 40-35-304(g)(1). In a theft case, payment of restitution must be "a part of the sentence" pursuant to Tennessee Code Annotated section 40-20-116. *See id.* § 40-20-116(a) (providing that the trial court "shall . . . order the restitution of the property" in theft cases). In the present case, the plea agreement left no sentencing issues undecided except for the amount and payment method of restitution; no presentence report was entered into evidence. Under the circumstances, the "restitution hearing" was not a "sentencing hearing" as contemplated by section 40-35-304(g)(1); to say otherwise is to render the provisions of subsection (g)(1) meaningless. I cannot fathom why the subsection reads the way it does, but it says what it says.

Based upon the effect of Code sections 40-35-304(g)(1) and -20-116(a), I would hold that the trial court was not empowered to accept the guilty plea as proffered.

_____
JAMES CURWOOD WITT, JR., JUDGE